1

2

3

4

5

6

7

8

9

10          UNITED STATES DISTRICT COURT

11             EASTERN DISTRICT OF CALIFORNIA

12

RICHARD JIMINEZ,                    )    1:07-CV-01754 LJO GSA HC
13                                   )
                    Petitioner,      )    ORDER ADOPTING FINDINGS AND
14                                   )    RECOMMENDATION
                                     )    [Doc. #6]
15        v.                         )
                                     )    ORDER DISMISSING PETITION FOR WRIT
16                                   )    OF HABEAS CORPUS AND DIRECTING
JAMES YATES, Warden,                 )    CLERK OF COURT TO ENTER JUDGMENT
17                                   )
                    Respondent.      )    ORDER DECLINING ISSUANCE OF
18                                   )    CERTIFICATE OF APPEALABILITY

19

20        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.
21

22        On December 20, 2007, the Magistrate Judge issued a Findings and Recommendation that

23  recommended the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE for

24  failure to exhaust state remedies.  This Findings and Recommendation was served on all parties and

25  contained notice that any objections to the Findings and Recommendation were to be filed within

26  thirty (30) days of the date of service of the order.  On January 23, 2008, Petitioner filed a motion for

27  extension of time. The Court granted the motion on February 13, 2008, and extended the deadline for

28  filing the objections by thirty (30) days. However, over thirty (30) days have passed and Petitioner

1  had not filed objections.

2      In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de*

3  *novo* review of the case.  Having carefully reviewed the entire file, the Court finds that the Findings

4  and Recommendation is supported by the record and proper analysis.

5      A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

6  district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-

7  El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue

8  a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

9      (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
      district judge, the final order shall be subject to review, on appeal, by the court
10     of appeals for the circuit in which the proceeding is held.

11     (b) There shall be no right of appeal from a final order in a proceeding to test the
      validity of a warrant to remove to another district or place for commitment or trial
12    a person charged with a criminal offense against the United States, or to test the
      validity of such person's detention pending removal proceedings.
13
      (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an
14            appeal may not be taken to the court of appeals from–

15                (A) the final order in a habeas corpus proceeding in which the
                  detention complained of arises out of process issued by a State
16                court; or

17                (B) the final order in a proceeding under section 2255.

18         (2) A certificate of appealability may issue under paragraph (1) only if the
          applicant has made a substantial showing of the denial of a constitutional right.
19
          (3) The certificate of appealability under paragraph (1) shall indicate which
20        specific issue or issues satisfy the showing required by paragraph (2).

21     If a court denies a petitioner's petition, the court may only issue a certificate of appealability

22  "if jurists of reason could disagree with the district court's resolution of his constitutional claims or

23  that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

24  further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the

25  petitioner is not required to prove the merits of his case, he must demonstrate "something more than

26  the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at

27  1040.

28     In the present case, the Court finds that reasonable jurists would not find the Court's

U.S. District Court

E. D. California        cd                          2

1  determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or

2  deserving of encouragement to proceed further.  Petitioner has not made the required substantial

3  showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a

4  certificate of appealability.

5        Accordingly, IT IS HEREBY ORDERED that:

6        1. The Findings and Recommendation issued December 20, 2007, is ADOPTED IN FULL;

7        2. The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE[1];

8        3. The Clerk of the Court is DIRECTED to enter judgment; and

9        4. The Court DECLINES to issue a certificate of appealability.

10  IT IS SO ORDERED.

11  **Dated:    April 3, 2008**                              **/s/ Lawrence J. O'Neill**
                                               UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  [1]Petitioner is advised that he will not be barred from returning to federal court after he has exhausted his state remedies by 28 U.S.C. § 2244(b)'s prohibition on filing second petitions. However, he is forewarned that in the event he returns to federal court and files a petition containing unexhausted claims, the petition may be dismissed with prejudice. Slack

28  v. McDaniel, 529 U.S. 473, 478 (2000).